UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS HUMBERTO CALEL,<br><br>Defendant. | No. 2:22-cr-00054-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Carlos Humberto Calel's ("Defendant") *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (ECF No. 77.) The Federal Defender's Office filed a notice informing the Court it would not assume representation of Defendant in this matter. (ECF No. 81.) The Government filed an opposition. (ECF No. 82.) Defendant did not file a reply. For the following reasons, the Court DENIES Defendant's motion.

On October 27, 2022, Defendant pleaded guilty to Count One of the Indictment. (ECF No. 29.) Count One charged Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1). (ECF No. 9.) In the final presentence investigation report ("PSR"), filed on August 14, 2024, the probation officer used the 2023 Guidelines Manual and incorporated all guideline amendments to determine Defendant's offense

level. (ECF No. 68 at 5.) The probation officer found a total offense level of 33 and criminal history category of II, making the applicable guideline range 151 to 188 months. (*Id.* at 5–7, 19; ECF No. 68-1 at 1.) The Government filed a motion under seal requesting a downward departure of 30% from the applicable guideline range. (ECF No. 75 [sealed].) On October 10, 2024, the Court adopted the PSR and sentenced Defendant to a 105-month term of imprisonment, followed by a 48-month term of supervised release. (ECF No. 76.)

On April 28, 2025, Defendant filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction when a defendant's guideline range has been subsequently lowered by the Sentencing Commission. (ECF No. 77.) Defendant's request is based on Amendment 821 to the United States Sentencing Guidelines, which took effect November 1, 2023, nearly one year before Defendant's sentencing. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. § 1B1.10.

Amendment 821 was in effect at the time of Defendant's sentencing and was applied to the sentence adopted by the Court. Defendant has already received the full benefit of Amendment 821. Therefore, the Sentencing Guideline has not lowered Defendant's applicable guideline range subsequent to his sentence and a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2).

Accordingly, Defendant's motion is DENIED. (ECF No. 77.)

IT IS SO ORDERED.

Date: November 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE